IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEJONG MONTGOMERY, | Case No. 20-cv-3447 |
| Plaintiff, | |
| v. | Hon. Judge Edmund Chang |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS ADAM TESNOW, Star No. 15126 and ANTHONY BLANCO, Star No. 16816 | Hon. Magistrate Young B. Kim |
| Defendants. | JURY TRIAL DEMANDED |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff DEJONG MONTGOMERY, by and through his attorneys Christopher Smith Trial Group, LLC, and complaining of Defendants CITY OF CHICAGO and CHICAGO POLICE OFFICERS ADAM TESNOW, Star No. 15126 and ANTHONY BLANCO, Star No. 16816 as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### JURISDICTION & VENUE

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. Sections 1331 and 1367, and venue is proper under 28 U.S.C. Section 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## THE PARTIES

3. Plaintiff, DeJong Montgomery, is a resident of the City of Chicago in the County of Cook, Illinois.

4. Defendant City of Chicago ("City") is a municipal corporation under the laws of the State of Illinois that operates the City of Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to the doctrine of respondeat superior on the pendant State law claims.

5. Chicago Police Officers Adam Tesnow and Anthony Blanco (referred to collectively as "Defendant Officers") were at the time of the occurrence City of Chicago Police Officers. They engaged in the conduct complained of while in the scope of his employment and under color of law. He is sued in his individual capacity.

## BACKGROUND

6. On September 24, 2019, in the early evening, Defendant Officers, driving a police vehicle with license plate No. MP15786, exited their car in a West Side neighborhood.

7. Both Defendants, approached a freestanding basketball hoop which consisted of a hoop, post, and back-board.

8. Defendant Officers pulled the equipment into the street and began destroying the rim and backboard.

9. This basketball equipment was purchased by Plaintiff Dejong Montgomery and two other community members so that neighborhood children would have a safe and fun outdoor activity.

10. Mr. Montgomery was doing construction work on the same block and saw the Defendant Officers breaking apart the basketball rim and backboard in the street.

11. Mr. Montgomery walked directly to where the officers were breaking the equipment.

12. Mr. Montgomery informed the Defendant Officers that they should not break the equipment and explained the situation, hoping that the officers would stop.

13. Other individuals approached the area where the officers and Mr. Montgomery were speaking.

14. After roughly a minute, Mr. Montgomery began to move towards the sidewalk to continue the conversation with the officers.

15. During the conversation, Mr. Montgomery requested that a supervisor come to the scene.

16. As other individuals watched, Defendant Officers grabbed Mr. Montgomery, and placed him under arrest.

17. Mr. Montgomery was not committing any crime, and Defendants had no lawful basis to detain him.

18. Both Defendants arrested, handcuffed, and searched Mr. Montgomery.

19. Mr. Montgomery was humiliated in front of his teenage son.

20. Defendant Officers cited Dejong for violating Ordinance 9-60-080, claiming that Dejong was using the street as a thoroughfare.

21. The citation number was P005694869 13.

22. Both Defendants caused Dejong to be cited under this ordinance even though they were in the street destroying Plaintiff's property, and he approached them directly to inquire about what was going on.

23. On November 19, 2019, on the motion of the Motion of the City of Chicago, the

3

citation against Dejong was dismissed by the hearing administrator.

## COUNT I – 42 U.S.C. § 1983
### Fourth Amendment: Unreasonable Seizure (Both Defendants)

24. Each Paragraph of this Complaint is incorporated as if restated fully herein.

25. As described in the preceding paragraphs, Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure of his property.

26. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

27. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28. The misconduct described in this Count was undertaken by Defendants within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for his actions.

29. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department in the manner described more fully above.

30. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress, anguish, and financial loss.

## COUNT II – 42 U.S.C. § 1983
### Equal Protection (Both Defendants)

31. Each Paragraph of this Complaint is incorporated as if fully restated herein.

32. As described more fully above, Defendants denied Plaintiff equal protection of the law in violation of his constitutional rights.

33. The misconduct described in this count was motivated by racial animus and

constituted purposeful discrimination.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. The misconduct described in this Count was undertaken by Defendants within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

36. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City of Chicago Police Department in the manner described more fully above.

37. As a result of the misconduct described in this Count, Plaintiff has suffered damages, including but not limited to emotional distress and anguish.

## COUNT III – 42 U.S.C. § 1983
### False Arrest (Both Defendants)

38. Each Paragraph of this Complaint is incorporated as if fully restated herein.

39. Each of the foregoing paragraphs is incorporated as if restated fully herein.

40. The actions of Defendant OFFICERS constituted an unreasonable seizure and false arrest, in violation of the Fourth Amendment to the United States Constitution.

41. As a proximate result of the above-detailed OFFICERS' actions, PLAINTIFF suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

## COUNT IV – STATE LAW CLAIM
### Malicious Prosecution (Both Defendants)

42. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

43. By the actions detailed above, all Defendants sought to and in fact did maliciously prosecute Plaintiff on false charges for which he knew there was no probable cause.

44. All Defendants acted with malice.

45. The charges against Plaintiff ended in a manner favorable to him.

46. As a direct and proximate result of this malicious prosecution, Plaintiff suffered injury, including emotional distress.

## COUNT V – STATE LAW CLAIM
### Respondeat Superior

47. Each Paragraph of this Complaint is incorporated as if fully restated herein.

48. In committing the acts alleged in the preceding paragraphs, Defendant Stewart was a member and agent of the City of Chicago Police Department acting at all relevant times within the scope of his employment.

49. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, Plaintiff prays for judgment against Defendants for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### JURY DEMAND

Plaintiff, DEJONG MONTGOMERY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Christopher R. Smith
One of the Attorneys for Plaintiff